UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

WESLEY DANA PLANTE :
d/b/a THE PLANTE ENERGY GROUP :
    v. : C.A. No. 14-519S
     :
UNITED STATES DEPARTMENT :
OF THE INTERIOR :

**REPORT AND RECOMMENDATION**
**FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On December 3, 2014, Plaintiff Wesley Dana Plante d/b/a The Plante Energy Group filed a Complaint alleging a cause of action seeking a thirty-year extension of a lease on "excess government land...in the Nulato Hills Section of Alaska." (Document No. 1 at p. 1). On the Civil Cover Sheet, Plaintiff described his suit as "SSDI Law on Hardship; related to Lease on Gov't Land, No parental support or outside financial support since 1989; Probate Court failed to file General Partnership in 1988." (Document No. 1-2 at p. 2). Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is entitled to IFP status and GRANTS Plaintiff's Application to Proceed IFP. (Document No. 2).

However, in assessing IFP status, this Court is also required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is

"frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Discussion**

The standard for dismissal of an action filed IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (internal quotations omitted). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S.

519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff's Complaint is disjointed and confusing. It appears that Plaintiff's Complaint relates to an attempt he is making to renegotiate the terms of a lease set to expire on December 31, 2014 concerning property in Alaska. It is unclear how the Probate Court in East Providence, Rhode Island relates to the Lease at issue, but Plaintiff references some claimed errors he believes that Probate Court made in 1986, and attaches several legal documents which appear to concern the settlement of an estate. (Document No. 1-1 at pp. 1-2). Plaintiff also attaches a letter he received from the United States Department of Interior in 2002 (Document No. 1-1 at p. 3), a portion of a 1987 tax return (Document No. 1-1 at 4-5) and a contract he recently entered into with a company that concerns development of an idea for a new product. (Document No. 1-1 at pp. 6-12).

From Plaintiff's Complaint, it is impossible to ascertain what specific federal law his claim is based upon, what relief he is seeking or how all of the various attachments relate to one another. Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the plaintiff's claim(s) showing that he properly states a claim for legal relief; and (3) a demand for judgment, i.e., the damages or other relief sought by the plaintiff. To comply with Rule 8, a complaint must "give the defendant fair notice of what the...claim is and the grounds upon which it rests." " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "The statement should be short because unnecessary length places an unjustified burden on the court and on the party who must respond to it....The statement should be plain because the principle function of pleadings under the

Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." Laurence v. Wall, C.A. No. 07-066ML, 2007 WL 1875795 at *2 (D.R.I. June 27, 2007) (citations omitted). "Although 'the requirements of Rule 8(a)(2) are minimal...[,] minimal requirements are not tantamount to nonexistent requirements." Uzamere v. United States, C.A. No. 13-505S, 2013 WL 5781216 *15 (D.R.I. Oct. 25, 2013) (quoting Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004)). As drafted, the Complaint does not inform the Defendant or the Court as to the relevant facts and claims, nor does it permit the Defendant to answer the Complaint and prepare for trial. "In short, as Judge Easterbrook summarized, 'Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.'" Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 2) is GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). I further recommend that Plaintiff's Complaint be DISMISSED as discussed above.

This is the sixth pro se Complaint filed by Plaintiff in this Court in recent years. Each of these Complaints has been filed IFP, and subsequently dismissed as frivolous, i.e., lacking an "arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Those cases are: Plante v. Shine, C.A. No. 07-156ML; Plante v. Embrey, C.A. No. 08-281ML; Plante v. Ursillo, et al., C.A. No. 10-217ML; Plante v. Graczykowski, C.A. No. 13-045M; and Plante v. Erwin, C.A. No. 13-261M. While Plaintiff's Complaints have been dismissed as frivolous, I do not believe his misguided efforts

to seek redress in this Court are malicious but rather are the result of his pro se status and a lack of understanding of what grievances legitimately give rise to a legal claim and what is necessary to invoke the jurisdiction and venue of the Federal Court.

Although Plaintiff, of course, has the right to seek redress in this Court, he does not have the right to abuse the process and waste the Court's limited resources by regularly filing frivolous lawsuits. Thus, pursuant to Fed. R. Civ. P. 11 and the Court's inherent power to address abuse of the Court process, I recommend that this District Court issue an appropriate order to limit Plaintiff's ability to file complaints in this Court without completely denying his access. See Azubuko v. MBNA America Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) ("a district court has the power to enjoin a party from filing frivolous and vexatious lawsuits"). In particular, I recommend that the District Court enter the following Order to address Plaintiff's pattern of filing frivolous lawsuits:

> Plaintiff Wesley Dana Plante is prohibited from filing any additional complaints or other papers in this Court, except for filings in currently pending cases to object to a Report and Recommendation of a Magistrate Judge or to effect an appeal from this Court, without first obtaining the prior written approval of a District Judge of this Court. If Plaintiff Wesley Dana Plante wishes to file any additional complaints or other papers in this Court, he shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed, and a certification under oath that there is a good faith basis for filing them in Federal Court. The Clerk of Court shall accept the documents, mark them received, and forward them to a District Judge of this Court for action on the petition for leave to file.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v.

Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 12, 2014