```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
WESLEY DANA PLANTE                 )
d/b/a THE PLANTE ENERGY GROUP,     )
                                   )
           Plaintiff,              )
                                   )
      v.                           )   C.A. No. 14-519 S
                                   )
UNITED STATES DEPARTMENT OF THE    )
INTERIOR,                          )
                                   )
           Defendant.              )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

On December 12, 2014, United States Magistrate Judge Lincoln D. Almond issued a Report and Recommendation ("R&R") in the above-captioned matter (ECF No. 3). Judge Almond recommended that Plaintiff's complaint be dismissed, under 28 U.S.C. § 1015(e)(2)(B)(i)-(ii), because it is frivolous and fails to state a claim on which relief may be granted. Plaintiff filed an incomprehensible objection to the R&R. (ECF No. 4.) Because this Court agrees with Judge Almond's analysis of the sufficiency of Plaintiff's complaint, it hereby accepts, pursuant to 28 U.S.C. § 636(b)(1), the portion of the R&R that recommends dismissal of Plaintiff's complaint.

Judge Almond also recommended that, because this case represents the sixth frivolous action that Plaintiff has filed

in this Court, Plaintiff be enjoined from filing any additional complaints or papers in this Court – except for filings in currently pending cases to object to an R&R or to effect an appeal – without first obtaining the prior written approval of a district judge of this Court. (R&R 4-5, ECF No. 3.) It is "well established that it is proper and necessary for an injunction to issue barring a party . . . from filing and processing frivolous and vexatious lawsuits." Gordon v. United States Dep't of Justice, 558 F.2d 618, 618 (1st Cir. 1977) (per curiam). Although "the use of [an injunction of this type] against a pro se plaintiff should be approached with particular caution," Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980), this Court agrees with Judge Almond that such a measure is appropriate in this case.

For starters, as recognized by Judge Almond, Plaintiff has persistently filed blatantly frivolous lawsuits. Including this case, Plaintiff has recently filed six cases in this Court. Plaintiff's filings in each of these cases have routinely been described as "disjointed and confusing" (R&R 3, ECF No. 3; see also C.A. No. 07-156 ML, R&R 3, ECF No. 3) and "incomprehensible" (C.A. No. 08-281 S, Order 1, ECF No. 3; C.A. No. 10-217 ML, R&R 3, ECF No. 4; C.A. No. 10-217 ML, Order Adopting R&R 1, ECF No. 6.). (See also C.A. No. 13-45 M, Order

1-2, ECF No. 3 (dismissing frivolous complaint and denying leave to file amended complaint because there was "no reason to believe that an amended complaint would be any more comprehensible"); C.A. No. 13-261 M, Order 2, ECF No. 3 (same).) The complaints in these cases, even when these pro se pleadings are viewed liberally, invariably fail to identify the basis for federal jurisdiction, the claims asserted, or the facts supporting Plaintiff's claims. In sum, Plaintiff has demonstrated a penchant for bombarding this Court with hopelessly frivolous suits.

Moreover, this Court's decision to enjoin Plaintiff from filing any further cases without prior Court approval is not based solely on the frequency with which Plaintiff files suit. Cf. Pavilonis, 626 F.2d at 1079 ("[L]itigiousness alone will not support an injunction against a plaintiff."). Plaintiff has also demonstrated that he will not hesitate to reassert frivolous claims in a subsequent lawsuit when he is unsuccessful the first time. In C.A. No. 13-261, Plaintiff, referencing a 2002 letter from the Department of the Interior, appeared to seek money damages for Congress's failure to extend a thirty-year lease of United States land in the Nulato Hills Partnership area; he sued an associate chief counsel of a branch of the Internal Revenue Service. (C.A. No. 13-261, Compl., ECF No. 1;

see also Ex. B to Compl., ECF No. 1-2.) In this case, Plaintiff has sued the Department of the Interior and appears to seek extension of this same thirty-year lease; Plaintiff attached the same letter from the Department of the Interior as an exhibit to his complaint. (ECF No. 1-1.)[1] Thus, Plaintiff appears to be reasserting in this case a claim that is the same or very similar to the claim he asserted in C.A. No. 13-261. See Pavilonis, 626 F.2d at 1079 (affirming district court's entry of a filing injunction against a pro se plaintiff where her "lawsuits were at least to some extent duplicative" and "all her complaints suffered from the same deficiencies").

These twin evils — the trigger-happy manner in which Plaintiff initiates patently frivolous actions in this Court and his demonstrated willingness to reassert the same frivolous claims against the same or similar defendants – convince this Court that Plaintiff's abuse of the judicial process has been "so continuous and widespread as to suggest no reasonable alternative." Cok v. Family Ct. of Rhode Island, 985 F.2d 32, 36 (1st Cir. 1993); see also Pavilonis, 626 F.2d at 1079. Accordingly, this Court hereby orders that:

---

[1] Because of the incomprehensible nature of Plaintiff's filings, it is difficult to ascertain the precise claims asserted in Plaintiff's complaints and the factual basis for those claims.

Plaintiff Wesley Dana Plante is, unless represented by counsel, prohibited from filing any additional complaints or other papers in this Court – except for filings in currently pending cases to effect an appeal from this Court – without first obtaining the prior written approval of a District or Magistrate Judge of this Court. If Plaintiff wishes to file any additional complaints or other papers in this Court, he shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed and a certification under oath that there is a good faith basis for filing them in federal court and a non-frivolous basis for granting relief authorized under the law. Failure to so certify, or a false certification, may result in Plaintiff being found in contempt of court and the imposition of sanctions. The Clerk of Court shall accept the documents, mark them received, and forward them to a District or Magistrate Judge of this Court for action on the petition for leave to file.

For these reasons, the R&R is ADOPTED, Plaintiff's Motion to Proceed IFP is GRANTED, but Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.

/s/ William E. Smith
---
William E. Smith
Chief Judge
Date: February 12, 2015